IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Luz Stella Giraldo, ) | C/A No.: 3:12-cv-03357-JFA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| City of Columbia; Sylvia White; Mark D. ) | |
| Johnson; and Vincent J. Simonowicz, ) | |
| in their individual capacities ) | |
| ) | |
| Defendants. ) | |
| ) | |

In this employment discrimination case, Luz Stella Giraldo ("Plaintiff") is suing her former employer City of Columbia ("City"); Sylvia White ("White"), Plaintiff's supervisor at the time of her termination; Mark D. Johnson ("Johnson"), a former supervisor of Plaintiff; and Vincent J. Simonowicz ("Simonowicz"), another former supervisor of Plaintiff (collectively "Defendants"). In her Complaint, Plaintiff alleges the following causes of action: (1) retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq.* ("Title VII") against City; (2) discrimination and retaliation pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601, *et. seq.* ("FMLA") against City; (3) violation of the South Carolina Whistleblower Act, S.C. Code Ann. § 8-27-10, *et. seq.* ("Whistleblower Act") against City; and (4) civil conspiracy against White, Johnson, and Simonowicz ("Individual Defendants").

This matter comes before the court on Plaintiff's Objections (ECF No. 27) to the Report and Recommendation ("Report") issued by the Magistrate Judge on April 16, 2014. (ECF No. 25). The Magistrate Judge made her review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the

court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). The Magistrate Judge recommended that this court grant Defendants' Motion for Summary Judgment. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporate those without a full recitation. (ECF No. 25).

I. ANALYSIS/DISCUSSION

    a. **Title VII Retaliation**

Title VII makes it an "unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). To establish a *prima facie* case of retaliation under Title VII, a plaintiff must show (1) she engaged in protected activity, (2) the employer took adverse employment action against her, and (3) a causal connection existed between the protected activity and the adverse action. *Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 258 (4th Cir. 1998). Once Plaintiff establishes the elements of her *prima facie* case, the burden shifts to City to proffer evidence of a legitimate, non-retaliatory reason for taking the adverse employment action. *See Texas Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 254 (1981). Plaintiff then has the burden to show that City's legitimate, non-retaliatory reason is pretextual. *See Matvia v. Bald Head Island Mgmt.*, 259 F.3d 261, 271 (4th Cir. 2001).

In the Report, the Magistrate Judge held that Plaintiff failed to set forth a *prima facie* case of Title VII retaliation because Plaintiff failed to provide sufficient evidence to support a causal connection between the protected activity and her termination.  Specifically, the Magistrate Judge held that the temporal proximity between the protected activity and Plaintiff's termination, combined with the references in Plaintiff's performance reviews regarding her threats to report certain colleagues to human resources were insufficient to support a causal connection because the threats were devoid of any indication that Plaintiff was complaining of illegal discrimination.

Further, the Magistrate Judge reasoned that anti-retaliation laws do not "protect employees who, with no more than good faith, complain about conduct that no reasonable person would believe amounts to an unlawful employment practice." *Jordan v. Alternative Res. Corp.*, 458 F.3d 332, 342 (4th Cir. 2006).  Instead, the employee's belief that the conduct of which she complains actually violates the statute in question must be an objectively reasonable one, and whether the employee's belief is reasonable is a question of law for the court.  *Id*. at 339.  As such, the Magistrate Judge held that Plaintiff's evidence was insufficient to show a causal connection; thus, Plaintiff failed to set forth a *prima facie* case of Title VII retaliation.

Plaintiff objects to the Report and argues that it sufficiently established a causal connection and pretext for her retaliation claim.  In addition to restating arguments made in its memorandum in opposition to summary judgment, Plaintiff submits a new argument to this Court that "a plaintiff may also establish a Title VII claim by showing a convincing 'mosaic' of circumstantial evidence such that a reasonable jury could infer discriminatory intent."  (ECF No. 27, p. 14) (citing *Cason v. S.C. State Ports Auth.*, 2:11-CV-2241-RMG, 2014 WL 588065 (D.S.C. Feb. 14, 2014) (unpublished)).  The *Cason* case cites *Hobgood v. Ill. Gaming Bd.*, 731

3

F.3d, 635, 643 (7th Cir. 2013) for the mosaic theory analysis. In *Hobgood*, the Seventh Circuit explained

> [n]o single piece of evidence might amount to a smoking gun . . . but the convincing mosaic approach allows a plaintiff to establish retaliation 'by assembling a number of pieces of evidence none meaningful in itself, consistent with the proposition of statistical theory that a number of observations each of which supports a proposition only weakly can, when taken as a whole, provide strong support if all point in the same direction'.

731 F.3d at 647. It appears that the mosaic theory was established in the Seventh Circuit over twenty years ago; therefore, it is firmly established precedent within the Seventh Circuit. *Troupe v. May Dep't Stores Co.*, 20 F.3d 734, 737 (7th Cir. 1994). On the other hand, after research, this Court can only find one case within the Fourth Circuit that cited and applied the mosaic theory,[1] and it is the District of South Carolina case cited by Plaintiff. Nevertheless, this Court is not persuaded by the mosaic theory, or that application of the mosaic theory is binding. Further, Plaintiff has cited to no precedent establishing that the Fourth Circuit Court of Appeals has adopted the mosaic theory.

The court reviewed Plaintiff's objection carefully and it finds no basis for disturbing the Magistrate Judge's recommended disposition. This Court maintains that the Magistrate Judge applied the proper Fourth Circuit precedent. Accordingly, Plaintiff's objection is overruled and this Court finds that summary judgment on the Title VII retaliation claim is proper. The court adopts the Report as to Plaintiff's Title VII retaliation claim.

### b. FMLA Retaliation

In the Report, the Magistrate Judge opined that Plaintiff failed to prove the City's proffered reason for terminating Plaintiff was pretextual. As a result, the Magistrate Judge

---

[1] Another district within the Fourth Circuit references the mosaic theory in a footnote, but explicitly states that it is a Seventh Circuit analysis. *Castonguay v. Long Term Care Mgmt. Servs.*, LLC, 1:11CV682, 2014 WL 1757308 (M.D.N.C. Apr. 30, 2014) (unpublished).

4

recommends that this Court grant summary judgment in favor of Defendant City on the FMLA retaliation claim.

In her objections, Plaintiff argues that she sufficiently evidenced pretext on her FMLA claim, and the Report to the contrary was an error. However, Plaintiff provides no new arguments in support of this assertion. Instead, she reiterates that the temporal proximity between her FMLA leave and her termination, combined with her allegedly spurious performance reviews and her coworker's treatment while on FMLA are sufficient to prove the proffered reasons for her termination were pretextual.

After a careful review of the record, the court finds Plaintiff's objection unpersuasive and overrules it. The Magistrate Judge properly concluded that Plaintiff failed to prove the City's proffered reason for terminating Plaintiff was pretextual. Accordingly, the court adopts the Report as to Plaintiff's FMLA retaliation claim and finds that summary judgment is proper.

### c. Whistleblower Act Claim

In the Report, the Magistrate Judge opined that Plaintiff failed to satisfy a necessary element to bring a statutory whistleblower claim under S.C. Code Ann. § 8-27-30(A). Specifically, the Magistrate Judge reasoned that since the Grievance Committee did not find that Plaintiff's report was the "but for" cause of her termination, Plaintiff failed to meet the prerequisite for bringing a whistleblower claim. The Magistrate Judge held that the language of S.C. Code Ann. § 8-27-30(A) was "clear and unambiguous" and that Plaintiff could not show that the Grievance Committee proceeding "resulted in a finding that the employee would not have been disciplined but for the reporting of the alleged wrongdoing" as required by the statute. As a result, the Magistrate Judge recommends that this Court grant summary judgment in favor of Defendant City on this claim.

In her objections, Plaintiff argues that the Magistrate Judge's application of S.C. Code Ann. § 8-27-30(A) fosters an absurd result and is an error.  However, Plaintiff provides no new arguments in support of this assertion.  Instead, she reiterates that if the Grievance Committee report was dispositive, it would render the statute absurd and allow for public bodies to avoid whistleblower claim liability by having the Grievance Committee not report a basis for its findings.

After a careful review of the record, the court finds Plaintiff's objection unpersuasive and overrules it.  The Magistrate Judge properly concluded that Plaintiff failed to meet the prerequisite set forth in S.C. Code Ann. § 8-27-30(A) to bring a whistleblower action against the City.  Accordingly, the court adopts the Report as to Plaintiff's Whistleblower Act claim and finds that summary judgment is proper.

### d. Civil Conspiracy

In the Report, the Magistrate Judge opined that Plaintiff failed to support her civil conspiracy against the Individual Defendants because she failed to produce admissible evidence that established concrete acts independent of any other alleged wrongdoing.  Specifically, the Magistrate Judge reasoned that Plaintiff provided no proof beyond her own testimony of inadmissible hearsay and that evidence that consists of inadmissible hearsay is neither admissible at trial nor supportive of an opposition to a motion for summary judgment.  Further, the Magistrate Judge held that Plaintiff failed to show special damages as required for a civil conspiracy claim.

In her objections, Plaintiff argues that she sufficiently established her civil conspiracy claim, and the Report to the contrary was an error.  Plaintiff argues that the Magistrate Judge misapplied the summary judgment standard and that the credibility of her evidence be forecast

assumed, all that is in dispute must be accepted, and all internal conflicts resolved in her favor. However, Plaintiff's objection fails to understand that inadmissible hearsay testimony is not supportive of an opposition to a motion for summary judgment.  As such, the Magistrate Judge may not use Plaintiff's own testimony of inadmissible hearsay when applying the summary judgment standard.  The Plaintiff maintains that "some corroboration of her own testimony" exists; however, the Plaintiff fails to point the court to any corroborating evidence.  (ECF No. 27, p. 23).  Conclusory statements will not support sustaining Plaintiff's objection to the Report.

As for the special damages required under a civil conspiracy claim, the court finds a hint of merit to Plaintiff's argument that that Magistrate Judge overlooked the alleged special damages of "ostracism, isolation, costs of medical and personal counseling, and a diminished quality of life." (ECF No. 27, p. 24).  However, the court need not address the Magistrate Judge's decision on special damages because the Court adopts the Magistrate Judge's decision that Plaintiff failed to identify concrete acts or admissible evidence to sustain a civil conspiracy claim.  Accordingly, the court adopts the Report as to Plaintiff's civil conspiracy claim against the Individual Defendants and finds that summary judgment is proper.

II. CONCLUSION

This Court finds the Magistrate Judge's recommendation proper and incorporates it herein by reference.  Accordingly, this Court hereby adopts the Report and Recommendation of the Magistrate Judge and grants Defendants' Motion for Summary Judgment.  (ECF No. 16).

IT IS SO ORDERED.

September 18, 2014			Joseph F. Anderson, Jr.
Columbia, South Carolina		United States District Judge

7